UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ROGER E. MORRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HEALTH PROFESSIONALS, LTD., | ) |
| COUNTY OF PEORIA, MICHAEL | )   Case No. 10-01227 |
| MCCOY, Peoria County Sheriff, | ) |
| BLAINE T. DUHS, NATHAN ADAMS, | ) |
| DAVID HOYLE, JAMES HAJNAL, | ) |
| JERRY RIEGELEIN, STEVEN SMITH, | ) |
| SHERRY BAUSWELL, STEPHEN A. | ) |
| CULLINAN, ROSE SHIPP, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Now before the Court are five Motions to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). [#4, #8, #20, #24, #28]. For the reasons set for below, Defendants' County of Peoria and Peoria County Sheriff Michael McCoy Motion to Dismiss [#4] is GRANTED IN PART and DENIED IN PART. The Motion to Dismiss [#4] is GRANTED as to Count II and Count IX and DENIED as to Count I.

The Motion to Dismiss [#8] filed by Defendants Nathan Adams, Sherry Bauswell, Blaine T. Duhs, James Hajnal, David Hoyle, and Jerry Riegelein is DENIED. Defendant Health Professionals Ltd.'s Motion to Dismiss [#20] is DENIED. Defendant Stephen A. Cullinan's Motion to Dismiss [#24] is DENIED. The Motion to Dismiss [#28] filed by Defendant Steven Smith is GRANTED, and Smith is dismissed as a party. This matter is referred to the Magistrate

1

Judge for further proceedings.

**JURISDICTION**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as the claim asserted in the Complaint presents a federal question under the Civil Rights Act of 1871.  42 U.S.C. § 1983.

**BACKGROUND AND PROCEDURAL HISTORY**

Unless otherwise noted, the background is taken from allegations in Plaintiff's Complaint and presumed to be true for purposes of resolving this Motion. On June 25, 2010, Plaintiff Roger E. Morris ("Morris") filed an Amended Complaint [#1, Ex.1] against Defendants Health Professionals, Ltd., County of Peoria, Peoria County Sheriff Michael McCoy, Blaine T. Duhs, Nathan Adams, David Hoyle, James Hajnal, Jerry Reigelein, Steven Smith, Sherry Bauswell, Stephen Cullinan, and Rose Shipp.  The action was removed to this Court on July 21, 2010.  The Defendants subsequently filed Motions to Dismiss [#4, 8, 20, 24, 28].

Around June of 2007, Morris suffered a severe burn injury to his left hand.  On June 18, 2008, Morris underwent reconstructive surgery in order to repair the burn injury and the substantial flexion contracture resulting from the burn.  Morris had a post-surgical, protective wrap and brace on his hand in order to protect the surgery site as well as over 100 stitches.  Morris was scheduled to return to his attending surgeon on June 26, 2008.

On June 25, 2008, Defendants Blaine T. Duhs ("Duhs"), Nathan Adams ("Adams"), David Hoyle ("Hoyle"), and James Hajnal ("Hajnal"), who are Peoria County deputies and detectives, arrived at Morris' house in response to a report made by Morris' girlfriend's seventeen-year-old daughter.  There is no information before the Court at this time to indicate

what the seventeen-year-old daughter was reporting. Morris let Duhs, Adams, Hoyle, and Hajnal into his home at their request. Morris informed Duhs, Adams, Hoyle, and Hajnal that he had recently undergone surgery and needed to continue wearing his brace in order to keep the surgical site sterile. Duhs and Adams ignored this request and required Morris to remove his brace in order to handcuff him.

After removing his brace, Morris was placed under arrest and handcuffed. There is no information before the Court at this time to indicate why Morris was arrested. Duhs, Adams, Hoyle, and Hajnal then allegedly forced Morris to stand outside in the rain after Morris informed the officers that he needed to keep his hand dry. Morris was then transported in a jail transport vehicle and Hoyle's patrol car. Defendants Duhs, Adams, Hoyle, and Hajnal are all Peoria County deputies and detectives under the supervision of Defendant Peoria County Sheriff Michael McCoy ("McCoy") and Peoria County Jail Supervisor Stephen Smith ("Smith").

Upon arriving at the Peoria County Jail, Morris was placed in an interview room for several hours and was not provided any medical care. When Morris went to be fingerprinted by Correctional Officer Jerry Riegelein ("Riegelein"), Morris requested that Reiegelein use a new pair of sterile plastic gloves as Riegelein had allegedly fingerprinted several other detainees with the same gloves. Riegelein purportedly ignored this request and immediately fingerprinted Morris. Morris also informed Defendant Sherry Bauswell ("Bauswell") of his injury and requested that she contact his treating physician regarding his medical needs.

After Morris was booked in the Peoria County Jail, a jail medical staff nurse named Rose Shipp ("Shipp") attended Morris' wounds. Morris informed Shipp that he was instructed to keep his hand dry, but Shipp applied hydrogen peroxide and Neosporin to Morris' injured hand.

Defendant Shipp was a nurse employed by Health Professionals, Ltd. ("Health Professionals"). At the time of these incidents, Stephen A. Cullinan ("Cullinan") was the regional medical director for Health Professionals and was the contracted jail physician for Peoria County Jail.

After being released from Peoria County Jail over 24 hours later, Morris' skin graft dehisced, or re-opened, which resulted in the failure of the hand surgery performed on June 18, 2008. Morris required two subsequent reconstructive surgeries to repair the dehiscence, which entailed substantial skin grafting. Shortly after being detained in the Peoria County Jail, Morris was also diagnosed with a staphylococcus aureus ("staph") infection, which necessitated additional surgery and hospitalization as well as treatment by an infectious disease specialist.

Morris, in his Amended Complaint, alleges counts against Defendant McCoy for negligence under the Tort Immunity Act and for deprivation of rights under section 1983 (Counts I, II, and IX). Morris also alleges counts against Defendant Peoria for negligence under the Tort Immunity Act (Count II). Morris alleges counts against Defendants Duh, Adams, Hoyle, Hajnal, Riegelein, Bauswell, Smith, Shipp, and Cullinan for deprivation of rights under section 1983 (Counts III-IX, XI, and XII). Morris alleges Count X against Health Professionals for medical negligence. Morris also designates two respondents in discovery (Count XIII).

Defendants Peoria County and McCoy filed the first Motion to Dismiss [#4]. Then, Defendants Adams, Bauswell, Duhs, Hajnal, Hoyle, and Reigelein filed a Motion to Dismiss [#8]. Defendant Health Professionals filed a separate Motion to Dismiss[#20]. Defendant Cullinan also filed a Motion to Dismiss [#24]. Defendant Smith filed a separate Motion to Dismiss [#28]. Plaintiff has filed his responses [#11, 16, 26, 27, 30], and this consolidated Order follows.

4

**DISCUSSION**

A complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). That statement must be sufficient to provide the defendant with "fair notice" of the claim and its basis. *Tamayo v. Blagojevich,* 526 F.3d 1074, 1081 (7th Cir. 2008); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007). In other words, the complaint must describe the claim in sufficient detail to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests," and its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a "speculative level." *EEOC v. Concentra Health Services, Inc.* 496 F.3d 773, 776 (7th Cir. 2007). Conclusory allegations are "not entitled to be assumed true." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1951 (2009) (citing *Twombly*, 550 U.S. 544 (2007)).

In a motion to dismiss, a complaint is construed in the light most favorable to the plaintiff, its well-pleaded factual allegations are taken as true, and all reasonably-drawn inferences are drawn in favor of the plaintiff. *See Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Hishon v. King & Spalding*, 467 U.S. 69 (1984); *Lanigan v. Village of East Hazel Crest*, 110 F.3d 467 (7th Cir. 1997); *M.C.M. Partners, Inc. v. Andrews-Bartlett & Assoc., Inc.*, 62 F.3d 967, 969 (7th Cir. 1995); *Early v. Bankers Life & Cas. Co.*, 959 F.2d 75 (7th Cir. 1992).

**I.  Motion to Dismiss [#4] filed by Peoria County and McCoy (Counts I, II, IX)**

Plaintiff's claims against Peoria County and McCoy are based in state tort law as well as federal law.

Count I against Sheriff McCoy under state law

While Plaintiff's complaint initially lists Count I as a claim against the County of Peoria, the allegations listed in the claim repeatedly refer to the actions of Sheriff McCoy. Additionally, the prayer for relief as well as a summary of the allegations (p.6-7, ¶¶ 26-27) refer only to Sheriff McCoy. Finally, Plaintiff's Memorandum in Opposition to the Motion to Dismiss discusses that Count I is only pled against Sheriff McCoy (p. 10, #11). Thus, the Court will construe the initial listing of "Count I - County of Peoria" as a typographical error and will consider Count I as pled solely against Sheriff McCoy.

As to the state law count against Sheriff McCoy (Count I), Defendants first argue that he has absolute immunity from suits pertaining to "failure to provide sufficient equipment, personnel, supervision, or facilities" in a jail. 745 ILCS 10/4-103. This absolute immunity even extends to willful and wanton misconduct. *Payne for Hicks v. Churchich*, 161 F.3d 1030, 1044 (7th Cir. 1998).

Plaintiff asserts that his claim against McCoy does not fall under section 4-103 as the allegations contained in Count I do not pertain to the conditions in the jail. Viewing the pleadings in Count I in the light most favorable to the Plaintiff, the Court agrees that these allegations do not necessarily pertain to conditions in the jail. While paragraph 26(g) of Count I does allege that McCoy "failed to employ or have available adequately trained personnel," the Court finds that this particular allegation does not implicate section 4-103 of the Tort Immunity Act as the allegations do not specifically pertain to the sufficiency of personnel in the jail but instead encompass a broader spectrum of personnel. Thus, the Sheriff does not have absolute immunity from Count I.

Defendants' subsequent argument pertaining to the dismissal of Count I on the basis that Peoria County does not employ jail officials will not be considered as Count I appears to have been intended to be pled solely against Sheriff McCoy. As such, Count I has been sufficiently pled against Sheriff McCoy.

Count II against Sheriff McCoy and Peoria County under state law

As to the state law count against Peoria County and McCoy (Count II), Defendants Peoria County and McCoy first argue that they have absolute immunity from suits pertaining to "failure to provide sufficient equipment, personnel, supervision, or facilities" in a jail. 745 ILCS 10/4-103. This absolute immunity even extends to willful and wanton misconduct. *Payne for Hicks v. Churchich*, 161 F.3d 1030, 1044 (7th Cir. 1998).

Plaintiff argues that this immunity does not apply as its claims are based on premises liability under 745 ILCS 3-102(a), which provides in relevant part:

> [A] local public entity has the duty to exercise ordinary care to maintain its property in a reasonably safe condition for the use in the exercise of ordinary care of people whom the entity intended and permitted to use the property in a manner in which and at such times as it was reasonably foreseeable that it would be used.

Section 3-102 of the Tort Immunity Act is intended to establish a duty of care for the maintenance of physical property and the condition of the property, which is not the basis for Count II of Plaintiff's Amended Complaint. *See Doe v. White*, 2010 WL 323510, *3 (C.D. 2010) (holding that the injury complained of must arise from a condition of the actual property and not merely an unsafe occurrence on the property). Instead, Plaintiff's allegations derive from a series of alleged staph infections in the jail. As these occurrences are medical conditions and not conditions of jail property, section 3-102 does not provide adequate grounds for Count II of

7

Plaintiff's Amended Complaint.

Count IX against Sheriff McCoy under § 1983

Finally, Defendants argue that the § 1983 action against McCoy (Count IX) should be dismissed for failure to state a claim against the Sheriff in either his individual capacity or his official capacity. In order to establish a cause of action against a Sheriff in his individual capacity, Plaintiff must allege (1) that the Sheriff had knowledge of the substantial risk of serious injury, and (2) failure to take appropriate steps to protect the detainee from the risk. *Payne for Hicks* at 1041.

While a Sheriff cannot be held personally liable for a section 1983 violation under a theory of *respondeat superior*, Sheriff McCoy may be held liable if he knew, facilitated, approved, or condoned the conduct that caused the alleged constitutional deprivation. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Plaintiff's allegation against Sheriff McCoy under Count IX pertains to the "informal policies or customs" that McCoy "authorized, ratified, or allowed" in regards to the training of officers. This allegation does not state a violation of Plaintiff's due process rights by McCoy in his individual capacity as failure to train claims are only appropriately maintained against a municipality. *Sanville v.* McCaughtry, 266 F.3d 724, 740 (7th Cir. 2001); *Vida v. Walker*, 2007 WL 2680567 (C.D. Ill. 2007).

In order to sufficiently plead a cause of action against a Sheriff in his official capacity, Plaintiff must plead the existence of (1) an express policy which caused the injury; (2) a widespread practice that is so well-settled as to amount to a policy; or (3) that the sheriff had the final policymaking authority for the decisions regarding the medical treatment received by the prisoner. *Grieveson v. Anderson*, 538 F.3d 763, 773 (7 Cir. 2008) (quoting *Perkins v. Lawson*,

8

312 F.3d 872, 875 (7th Cir. 2002).

Plaintiff contends that the policy decisions of Sheriff McCoy regarding the training of patrol deputies, detectives, and jail correctional staff in dealing with "serious medical needs of detainees" proximately caused Plaintiff's injuries (¶ 27, p.18, #1). In general, failure to train claims brought under the Eighth Amendment are maintained against municipalities, not against individuals. *Sasnville* at 739-40. However, claims against individual officers in their official capacities are viewed, by the Court, as suits brought against a governmental entity itself and, therefore, a claim for failure to train could be brought against a Sheriff in his official capacity. *Walker v. Sheahan*, 526 F.3d 973, 977 (7th Cir. 2008).

While the inadequacy of police training may form the basis of a section 1983 action in this context, deliberate indifference must be shown through the defendant's "failure to act in the face of 'actual or constructive notice' that such a failure is likely to result in constitutional deprivations." *Ross v. Town of Austin, Ind.*, 343 F.3d 915, 918 (7th Cir. 2003) (quoting *Robles v. City of Fort Wayne*, 113 F.3d 732, 735 (7th Cir. 1997). Actual or constructive notice of the need for additional training may be shown through establishing a "clear constitutional duty implicated in recurrent situations that a particular employee is certain to face" or knowledge of a pattern of constitutional violations. *Robles*, 113 F.3d at 735.

Plaintiff has not, in any way, alleged that Sheriff McCoy had notice of patrol officers, detectives, or jail correctional staff having inadequate training to handle the medical conditions of detainees. Plaintiff has also not pled the existence of any pattern or history of insufficient medical care. As such, the pleadings do not sufficiently set forth McCoy's constructive or actual notice of a failure to train that would be likely to result in a constitutional deprivation of inmate

9

rights. As such, Plaintiff has not adequately pled a claim against Sheriff McCoy in his official capacity.

II.     **Motion to Dismiss [#8] filed by Defendants Nathan Adams, Sherry Bauswell, Blaine T. Duhs, James Hajnal, David Hoyle, and Jerry Riegelein (Counts III-VIII)**

Defendants first assert that Plaintiff's section 1983 claims (Counts III-VIII) against Adams, Bauswell, Duhs, Hajnal, Hoyle, and Riegelein ("Individual Defendants") should be dismissed for failure to sufficiently plead a cause of action for deliberate indifference. In order to survive a motion to dismiss, Plaintiff must sufficiently plead that (1) the prisoner had an objectively serious medical need; (2) the defendant was subjectively aware of the prisoner's serious medical need; and (3) the defendant disregarded an excessive risk that a lack of treatment posed to the prisoner's health or safety. *Grieveson v. Anderson*, 538 F.3d 763, 775 (7th Cir. 2008) (quoting *Wynn v. Southward*, 251 F.3d 558, 593 (7th Cir. 2001)). Plaintiff has clearly pled that he suffered an objectively serious medical need: a hand injury that had recently undergone surgery and was, at the time, wrapped in surgical bandages.

Plaintiff also allegedly "advised [Duhs, Adams, Hoyle, and Hajnal] that he had recently undergone a substantial hand surgery with extensive skin grafting and that he was required by his surgeon to leave ths post-surgical brace on his hand and arm." (#1, ¶12). Additionally, Plaintiff's hand was exposed when he was fingerprinted by Defendant Riegelein. Plaintiff also discussed his medical condition and need for medical treatment with Defendants Riegelein and Bauswell (#1, ¶¶17, 20). Thus, Individual Defendants would have also been subjectively aware of Plaintiff's medical condition. As such, Plaintiff does plead that the Individual Defendants were subjectively aware of his serious medical condition as Plaintiff was clearly wearing a surgical brace or had his injury exposed and, furthermore, informed Individual Defendants of his

10

injury.

Thus, the only remaining issue is whether Plaintiff sufficiently pled that Individual Defendants disregarded an excessive risk that a lack of treatment posed to Plaintiff's health. In order to show that a defendant disregarded an excessive risk, it is enough that the defendant "acted or failed to act despite his knowledge of a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 842 (1994). To state a claim for deliberate indifference, a plaintiff "must, at minimum, allege facts sufficient to establish that the defendants possessed a total unconcern for [the plaintiff's] welfare in the face of serious risks." *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1993) (citing cases). Here, Plaintiff has sufficiently pled that his apparent and obvious injury was disregarded and that his requests for medical care were ignored throughout his arrest and early stages of confinement (#1, ¶¶12-20). Individual Defendants proffer various reasons for requiring Plaintiff to remove his sterile bandage; however, even after requiring Plaintiff to remove the bandage and discovering the extent of his injury, Plaintiff alleges that Individual Defendants ignored his requests for medical attention. When viewing these allegations in a light most favorable to the non-moving party, Plaintiff has sufficiently pled a cause of action against Individual Defendants under section 1983.

Defendants also argue that Individual Defendants should be protected by qualified immunity. Generally, a complaint is not dismissed for failure to state a claim on the basis of the application of qualified immunity as it is a case-specific inquiry based on the facts. *Alvarado v. Litscher*, 267 F.3d 648, 651-652 (7th Cir. 2001). The Court will, however, consider Defendant's arguments on the subject. The defense of qualified immunity requires a two part objective inquiry: (1) whether the plaintiff has asserted a violation of a federal constitutional right, and (2)

11

whether the constitutional standards implicated were clearly established at the time in question. *Estate of Stevens v. City of Green Bay*, 105, F.3d 1169, 1174 (7th Cir. 1997) (citing *Eversole v. Steele*, 59 F.3d 710, 717 (7th Cir. 1995)). In this case, the Court has already found that Plaintiff has sufficiently pled a cause of action pertaining to the alleged violation of his constitutional right to medical care while in confinement.

The issue, therefore, is whether the constitutional standards implicated in Plaintiff's case were clearly established at the time in question. In Plaintiff's case, his allegations stem from a desire to maintain and protect the medical treatment already provided to him by his treating physician. In order to determine whether the constitutional standards were "clearly established," the right must be "particularized to the extent that the contours of the right must be sufficiently clear that a reasonable official would understand what he is doing violates that right." *Alvarado*, 267 F.3d at 652 (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). At the time of the Individual Defendants' alleged constitutional violations, the law on deliberate indifference relating to interfering with prescribed medical care was clearly established in this Circuit. *Gil v. Reed*, 381 F.3d 649, 662 (7th Cir. 2004) (citing cases). Plaintiff's pleadings sufficiently allege that, throughout his confinement, he informed Individual Defendants of his prescribed medical care regarding his injured hand as well as requesting that his medical provider be contacted for instructions regarding the surgical site. These requests were ignored and denied. Thus, Plaintiff's pleadings are sufficient to survive Individual Defendants' Motion to Dismiss on the grounds of qualified immunity.

III.     **Motion to Dismiss [#28] filed by Defendant Steven Smith (Count IX)**

Defendant first argues that the section 1983 action against Smith (Count IX) should be dismissed for failure to state a claim against the jail house supervisor in either his individual capacity or his official capacity. In order to establish a cause of action against a jail supervisor in his individual capacity, Plaintiff must allege (1) that the supervisor had knowledge of the substantial risk of serious injury; and (2) failure to take appropriate steps to protect the detainee from the risk. *Payne for Hicks v. Churchich*, 161 F.3d 1030, 1041 (7th Cir. 1998).

Plaintiff's allegation against Smith under Count IX pertains to the "informal policies or customs" that Smith "authorized, ratified, or allowed" in regards to the training of officers. This allegations does not state a violation of Plaintiff's due process rights by Smith in his individual capacity as failure to train claims are only appropriately maintained against a municipality. *Sanville v.* McCaughtry, 266 F.3d 724, 740 (7th Cir. 2001); *Vida v. Walker*, 2007 WL 2680567 (C.D. Ill. 2007). Furthermore, Plaintiff makes no allegations that Smith had knowledge of the mistreatment of prisoners. Thus, Plaintiff has insufficiently pled his claim against Smith in his individual capacity.

Defendants next argue that Count IX against Smith should be dismissed because Smith was not a policy maker within the jail. In order to overcome a motion to dismiss claims against a supervisor in his official capacity, Plaintiff must sufficiently plead the existence of "either an express policy which caused the injury, a widespread practice that is so well-settled as to amount to a policy or [show] that the [defendant] had the final policymaking authority for the decisions regarding the medical treatment [plaintiff] received." *Grieveson v. Anderson*, 538 F.3d 763, 773 (7th Cir. 2008) (quoting *Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002).

Plaintiff contends that the policy decisions of Smith regarding the training of patrol

deputies, detectives, and jail correctional staff in dealing with "serious medical needs of detainees" proximately caused Plaintiff's injuries (¶ 27, p. 18, #1). In general, failure to train claims brought under the Eighth Amendment are maintained against municipalities, not against individuals. *Sasnville* at 739-40. However, claims against individual officers in their official capacities are viewed, by the Court, as suits brought against a governmental entity itself and, therefore, a claim for failure to train could be brought against an officer in his official capacity. *Walker v. Sheahan*, 526 F.3d 973, 977 (7th Cir. 2008).

While the inadequacy of police training may form the basis of a section 1983 action in this context, deliberate indifference must be shown through the defendant's "failure to act in the face of 'actual or constructive notice' that such a failure is likely to result in constitutional deprivations." *Ross v. Town of Austin, Ind.*, 343 F.3d 915, 918 (7th Cir. 2003) (quoting *Robles v. City of Fort Wayne*, 113 F.3d 732, 735 (7th Cir. 1997). Actual or constructive notice of the need for additional training may be shown through establishing a "clear constitutional duty implicated in recurrent situations that a particular employee is certain to face" or knowledge of a pattern of constitutional violations. *Robles*, 113 F.3d at 735.

Even if Smith had policymaking authority within the jail, Plaintiff has not, in any way, alleged that Smith had notice of patrol officers, detectives, or jail correctional staff having inadequate training to handle the medical conditions of detainees. Plaintiff has also not alleged the existence of any pattern or history of insufficient medical care. As such, the pleadings do not sufficiently set forth Smith's constructive or actual notice of a failure to train that would be likely to result in a constitutional deprivation of inmate rights. As such, Plaintiff has not adequately pled a claim against Smith in his official capacity.

14

**IV.	Motion to Dismiss [#20] filed by Defendant Health Professional Ltd. (Count X)**

Defendant asserts that the claim against Cullinan should be dismissed on the basis that *respondeat superior* claims do not exist for section 1983 liability. *Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002). While Defendant is correct that *respondeat superior* claims are not appropriate under section 1983, Count X against Health Professional is not a section 1983 claim. Count X, as clarified by Plaintiff, is a common law medical negligence claim arising from the actions of Health Professionals' "principals, agents, and/or agents" (#1, p.21, ¶26). As such, Defendant's Motion to Dismiss Count X for failure to plead a section 1983 action is inappropriate and must be denied.

**V.	Motion to Dismiss [#24] filed by Defendant Stephen A. Cullinan (Count XII)**

Defendant asserts that the claim against Cullinan should be dismissed on the basis that *respondeat superior* claims do not exist for § 1983 liability. *Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002). While an official cannot be held personally liable for a section 1983 violation under a theory of *respondeat superior*, Cullinan, in his capacity as a prison medical official, may be held liable if he knew, facilitated, approved, or condoned the conduct that caused the alleged constitutional deprivation. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995).

In Count XII, Plaintiff alleges that Cullinan himself acted in a manner that placed Plaintiff at serious risk of harm. Additionally, Plaintiff alleges that Cullinan "maintained an implicit policy or custom as Medical Director that a patient's own physicians would not be contacted for input regarding their medical care" (#1, p.23, ¶26(e)). These allegations are sufficiently pled in order to establish that Cullinan had knowledge of the alleged conduct that

15

caused the constitutional violation, as required under section 1983, and do not rely on the doctrine of *respondeat superior*.

Plaintiff also alleges that Cullinan should be liable for failing to sufficiently train his medical staff (#1, p.23, ¶26(f)).  This allegation cannot support Plaintiff's action against Cullinan as failure to train claims are only appropriately maintained against a municipality.  *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001); *Vida v. Walker*, 2007 WL 2680567 (C.D. Ill. 2007).  While this individual allegation cannot form the basis of Plaintiff's claim and should be deleted, the remaining allegations are sufficient to adequately plead a cause of action against Defendant Cullinan.

## VI. Jurisdictional issues of Count XIII

Even though Defendants have not raised any jurisdictional matters with this Court, it is the Court's obligation to be alert to jurisdictional requirements and raise such issues, if necessary, *sua sponte*.  *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 593 (2004) (citing cases).  Count XIII of Plaintiff's complaint designates April Wilson and Sally Floey as respondents in discovery pursuant to section 2-402 of the Illinois Code of Civil Procedure. While Illinois state court does provide for this procedural device, this mechanism does not appear to provide a case or controversy to establish jurisdiction in federal court.  *See* 735 ILCS 5/2-402; *Stull v. YTB International, Inc.*, 2010 WL 3702424, *3 (S.D. Ill. 2010).  As such, Count XIII is dismissed for lack of jurisdiction.

## CONCLUSION

For the reasons set for below, Defendants' County of Peoria and Peoria County Sheriff Michael McCoy Motion to Dismiss [#4] is GRANTED IN PART and DENIED IN PART.  The

Motion to Dismiss [#4] is GRANTED as to Count II and Count IX and DENIED as to Count I. The County is thus dismissed as a party. Sheriff McCoy remains as a party only inasmuch as he is sued in his official capacity under Count I.

The Motion to Dismiss [#8] filed by Defendants Nathan Adams, Sherry Bauswell, Blaine T. Duhs, James Hajnal, David Hoyle, and Jerry Riegelein is DENIED. Defendant Health Professionals Ltd.'s Motion to Dismiss [#20] is DENIED. Defendant Stephen A. Cullinan's Motion to Dismiss [#24] is DENIED. The Motion to Dismiss [#28] filed by Defendant Steven Smith is GRANTED, and Smith is dismissed as a party. Count XIII of Plaintiff's Complaint is also DISMISSED on jurisdictional grounds. This matter is referred to the Magistrate Judge for further proceedings.

ENTERED this __14th__ day of February, 2011.

    /s Michael M. Mihm
Michael M. Mihm
United States District Judge